IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LINDA S. COPLEN                                                          PLAINTIFF

        v.                 Civil No. 3:12-CV-03096-JRM

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Linda S. Coplen, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g)*.*

**I.    Procedural Background:**

Plaintiff applied for SSI and DIB on February 12, 2009. Plaintiff alleged an onset date of July 1, 2003. Plaintiff alleged partial lung removal, high blood pressure, breathing and stomach problems, and dizziness as the source of disability. Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on May 26, 2010. (Tr. 25.) Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") Sarah Moore. (Tr. 26.)

At the time of the administrative hearing, Plaintiff was 51 years old, and possessed an eighth grade education. (Tr. 13.) The Plaintiff had past relevant work experience ("PRW") of certified nurse assistant. (Tr. 19.)

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

On February 25, 2011, the ALJ concluded that the Plaintiff had the following severe impairments: "history of left lung lobectomy, hepatitis C, hypertension, chronic back pain, adjustment reaction with anxious mood, major depressive disorder, borderline intellectual functioning, personality disorder, and polysubstance abuse." (Tr. 11.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work, but should be limited to work where "interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, the supervision required is simple, direct and concrete." (Tr. 13.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as housekeeper, products assembler, and inspector. (Tr. 20.)

Plaintiff requested a review by the Appeals Council on March 9, 2011. (Tr. 4.) The Appeals Council denied the appeal on June 13, 2012. (Tr. 2.)

## II.     Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.   Discussion:**

The Plaintiff raises two main issues on appeal: 1.) the ALJ erred in finding that the Plaintiff's history of a perforated channel ulcer and treatment for it were not severe (Pl.'s Br.18.); and 2.) the ALJ's RFC is "not even arguably" supported by the record (Pl.'s Br. 14).

**1. Plaintiff's Ulcer and Abdominal Pain**

Plaintiff argues that the ALJ erred when he did not find her past ulcer surgery and alleged continued abdominal pain from it to be severe. (Pl.'s Br. 18-19.) She further argues that the ALJ did not evaluate this impairment or any of her other impairments in combination. (Pl.'s Br. 19.)

"If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012)(quoting *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010); *see also Bannister v. Astrue*, 730 F. Supp. 2d 946, 952-53 (S.D. Iowa 2010) (impairments that have stabilized prior to the alleged onset date do not support a finding of disability).

In this case, the hospitalization and surgery for the ulcer occurred between August 29, 2002 to September 10, 2002. (Tr. 296-98.) This is prior to the Plaintiff's alleged onset date of July 1, 2003. Later examinations, including an esophagogastroduodenoscopy on February 17, 2010, did not indicate any further issues as a result of this ulcer. (Tr. 788.) The endoscopy showed the scar from the ulcer surgery, mild gastritis, and a hiatus hernia. (Tr. 788.) Recommended treatment was to make dietary changes, quit smoking, and take Rabeprazolc. (Tr. 788.)

Because the ulcer was repaired prior to the Plaintiff's onset date, and medical records did not indicate that it could have contributed to any further abdominal pain, the ALJ did not err in excluding it from the Plaintiff's impairment listing.

To the extent that the Plaintiff continues to complain of abdominal pain, she has provided no objective medical records to show a nontreatable source for this pain. She was diagnosed and treated for appendicitis in 2004. (Tr. 426-433.) She denied any abdominal pain in exams in June 2003, December 2005, and December 2008. (Tr. 418, 498, 548.) An x-ray ordered in August 2007 in response to complaints of abdominal and rectal pain showed some possible small-bowel obstruction beginning and diagnosed a urinary tract infection. (Tr. 366, 375.) She was diagnosed with constipation in June 2008. (Tr. 583.)

Because the Plaintiff did not provide any objective medical evidence of any non-treatable source of abdominal pain the ALJ did not err in excluding from the Plaintiff's impairment listing.

The ALJ also properly considered the Plaintiff's physical and mental impairments in combination. "In determining RFC, the ALJ must consider the effects of the combination of both physical and mental impairments." *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir.2003). If all of the severe impairments are discussed, the ALJ may satisfy this requirement by expressly stating that they were considered "individually and in combination." *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005). The ALJ may also satisfy this requirement by "fully summariz[ing] all of plaintiff's medical records and separately discuss[ing] each of the plaintiff's alleged impairments." *Martise v. Astrue*, 641 F. 3d 909, 924 (8th Cir. 2011).

In this case, the ALJ expressly stated that "the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria." (Tr. 12.) In discussing the mental impairments, he detailed the paragraph B and C criteria for 12.04, 12.05, 12.06, 12.08, and 12.09. (Tr. 12-13.) For the physical records, the ALJ fully summarized all of the medical records for all of the Plaintiff's alleged physical conditions. (Tr. 15-18.)

**2. The ALJ's RFC Finding**

    **A.**     **Use of Dr. Back's Mental Examination**

Plaintiff argues that the ALJ erred when he "failed to discuss or even mention" the examination of Dr. Richard Back and instead relied upon the mental examination of Dr. Nichols. (Pl.'s Br. 15-16.)

A careful examination of the record indicates that these arguments are without merit. When an ALJ makes specific references to a physician's notations in the opinion, it is "highly unlikely" that the ALJ did not consider those notations. *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir.1998). Express citation by the ALJ to those notations is not required. *Id.*

In this case, Dr. Back's mental diagnosis was repeated almost word for word in the ALJ's finding of severe impairment. Dr. Back diagnosed "Adjustment Reaction with Anxious Mood Major Depression, Single Episode, Moderate Polysubstance Abuse by History, Borderline Intellectual Functioning, Personality Disorder, NOS." (Tr. 720-21.)(diagnosis codes omitted). The ALJ found the Plaintiff had the following severe mental impairments: "adjustment reaction with anxious mood, major depressive disorder, borderline intellectual functioning, personality disorder, and polysubstance abuse." (Tr. 11.) It is highly unlikely that the ALJ could make such specific reference to Dr. Back's diagnosis without considering that diagnosis carefully.

Further, the ALJ's findings are in direct contrast to Plaintiff's first mental examination with Dr. Nichols, where she came to the examination intoxicated. Dr. Nichol's diagnosis listed only Alcohol Intoxication, Opioid Dependence, and Methamphetamine Abuse. He was unable to complete or validate the diagnosis due to her intoxication. (Tr. 684.) Clearly the ALJ utilized Dr. Back's diagnosis rather than that of Dr. Nichols to make his mental impairment finding.

**B.      Weight Given to Findings of Non-Examining Sources and Mischaracterization of Record Evidence**

Plaintiff argues that the ALJ mischaracterizes "much of the evidence of record" and places "excessive weight on the findings of non-examining sources." (Pl.'s Br. 14.) The only evidence given by Plaintiff to support these arguments focuses on one sentence in the mental RFC report that was then cited by the ALJ. After careful review of the record, I can find no other instances to support either of these arguments. Therefore I will discuss both points together as one argument.

The Plaintiff's Mental RFC assessment form was completed by non-examining consultant Dr. Rankin. In his Remarks section of the form, he stated that "She also seems to exaggerate extent of social discomfort based on presentation in which she appeared pleasant with a somewhat apathetic attitude." (Tr. 739.) With this statement, he appears to have combined the findings of both Dr. Back and Dr.

6

Nichols. Dr. Back did state that she was pleasant with an apathetic attitude. (Tr. 718.) He did not indicate any exaggeration or malingering in his report. Dr. Nichols on the other hand strongly noted both exaggeration and malingering. (Tr. 679-688.) The ALJ then quoted this sentence from Dr. Rankin in his opinion. (Tr. 16.)

On its own, the inclusion of this sentence in the opinion would be harmless error, given that Dr. Nichols did state that she exaggerated, and given the number of times in the medical records where the Plaintiff was found to be inconsistent and non-credible. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("To show an error was not harmless, [the Plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred.") However, in this case there is some indication that Dr. Rankin's Mental RFC may have been affected by the incorrect exaggeration observation. Specifically, the Mental RFC does not include any marked limitations in adaptive functioning. (Tr. 739.) Dr. Back's examination report includes marked limitations for day to day adaptive functioning, capacity to communicate and interact, and ability to attend and sustain concentration. (Tr. 721.)

As Dr. Back's examination is the only completed mental examination of the Plaintiff in the record, and Dr. Rankin is a non-examining physician, this inconsistency is troubling. "The ALJ should determine a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009) (quoting *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir.2006). Incorrect or imprecise evidence "cannot constitute substantial evidence to support an ALJ's decision." *See e.g. Hinchey v. Shalala,* 29 F.3d 428, 432 (8th Cir. 1994) ("Testimony based on hypothetical questions that do not encompass all relevant impairments cannot constitute substantial evidence to support the ALJ's decision.") Whether the omission of the exaggeration observation from his remarks would have changed Dr. Rankin's Mental RFC is far from clear. However, it is clear that

7

his remarks section included an incorrect observation. As there was inconsistency between the Dr. Rankin's RFC and Dr. Back's examination notes, the possibility that this incorrect observation may have affected his RFC evaluation requires a remand for clarification on this point.

On remand, the ALJ is directed to have a new Mental RFC evaluation form completed. If there are changes to the Mental RFC, then the ALJ should make any appropriate changes to the Plaintiff's overall RFC evaluation.

**V.      Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of December 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)